IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79786-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH M. ARNONE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — A suspect is seized by law enforcement officers when an exercise of force or authority would make an objective person believe he was not free to ignore the officers or leave. Joseph Arnone contends he was illegally seized when two police officers approached his publicly parked truck on both its passenger's and driver's sides. Objectively viewed, the totality of the circumstances shows the officers did not exercise their authority to prevent Arnone from leaving before seeing drug paraphernalia in his truck. He was lawfully seized only after the officers had a reasonably articulable suspicion.

Therefore, we affirm.

FACTS[1]

Around 9:00 p.m. on February 27, 2017, Officers David Sinex and Geoffrey Albright were patrolling the parking lot of an Everett Fred Meyer store in their marked police vehicle.  Arnone was parked nose-in to the store's garden center and looking at work e-mails on his phone. The store was open, with patrons coming and going.  Because Arnone had been sitting in his truck for several minutes without leaving and the officers knew the store was in a heavy drug use area, they decided to run the truck's plate.  The officers had not seen any furtive or suspicious behavior from Arnone before running his plate.  The officers' plate search revealed the truck's owner had a drug-related criminal history.[2]  They decided to investigate.

The officers parked a few car lengths behind Arnone and made the tactical decision to surround his truck on both sides.  The officers walked up from the rear of the truck, one of them on each side.  Through the passenger-side window, Officer Sinex saw a piece of aluminum foil on the truck's front bench seat.  The foil had a burnt, black residue on it.  Officer Sinex concluded the foil was paraphernalia used to smoke drugs.  Officer Sinex told Officer Albright about the foil.  Arnone, who had the windows up, could not hear the officers.  Arnone first

---

[1] All facts are taken from the trial court's uncontested findings of fact from the CrR 3.6 hearing, except where otherwise noted.  We treat uncontested findings of fact from a suppression hearing as verities on appeal.  State v. Johnson, 8 Wn. App. 2d 728, 737, 440 P.3d 1032 (2019).

[2] The court also found that neither of the truck's registered owner's, Arnone and his wife, "have any prior drug-related criminal history."  Clerk's Papers (CP) at 64 (finding of fact 5).

noticed them when Officer Albright knocked on his window and asked him to step out of the truck.

As Arnone stepped out, a device for smoking heroin fell out of the truck. The officers arrested Arnone. A search revealed he possessed 2.75 grams of heroin. After a bench trial with stipulated facts, the court found Arnone guilty of unlawful possession of heroin.

Arnone appeals.

## ANALYSIS

Whether a person was seized is typically a mixed question of law and fact.[3] But when the facts are undisputed, the determination of whether a person was seized is a question of law reviewed de novo.[4] Under article I, section 7, whether a person has been seized is a purely objective question that looks at the law enforcement officers' conduct.[5]

> [A] person is seized "only when, by means of physical force or a show of authority," his or her freedom of movement is restrained and a reasonable person would not have believed he or she is (1) free to

---

[3] Johnson, 8 Wn. App. 2d at 737 (quoting State v. Harrington, 167 Wn.2d 656, 662, 222 P.3d 92 (2009)).

[4] State v. Mote, 129 Wn. App. 276, 282, 120 P.3d 596 (2005).

[5] State v. O'Neill, 148 Wn.2d 564, 574, 62 P.3d 489 (2003) (quoting State v. Young, 135 Wn.2d 498, 509, 957 P.2d 681 (1998)). The State argues Arnone could not have been seized prior to being aware of the officers because "[a] reasonable person . . . cannot feel he or she is being detained by something they are entirely unaware of." Resp't's Br. at 6. But, as Arnone explains, our Supreme Court rejected the use of subjective evidence for analyzing when a seizure occurs under article I, section 7. Young, 135 Wn.2d at 514. Because we apply a "purely objective" test, id. at 501, whether a suspect was "entirely unaware" of the officers does not affect our analysis.

leave, given all the circumstances, or (2) free to otherwise decline an officer's request and terminate the encounter.[6]

We consider the officers' conduct within the totality of the circumstances.[7]

"'Where an officer <u>commands</u> a person to halt or demands information from the person, a seizure occurs.'"[8] Other indicia of a seizure include the "threatening presence of several officers . . . or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."[9] But when an officer approaches someone who is free to walk away or ignore the officer and the officer only makes requests of or attempts to converse with the person, then no seizure occurred.[10] Similarly, law enforcement officers do not effect a seizure by merely approaching a person and making a simple request for information, even if they suspect some criminal activity.[11]

The trial court concluded the officers "did not have a reasonable and articulable suspicion" when they first approached Arnone's truck and that approaching was a mere "social contact."[12] Arnone contends he was seized when both officers flanked his truck before seeing the aluminum foil on the seat.

---

[6] <u>O'Neill</u>, 148 Wn.2d at 574 (internal citations and quotation marks omitted).

[7] <u>Johnson</u>, 8 Wn. App. 2d at 741.

[8] <u>O'Neill</u>, 148 Wn.2d at 577 (quoting <u>State v. Cormier</u>, 100 Wn. App. 457, 460-61, 997 P.2d 950 (2000)).

[9] <u>Young</u>, 135 Wn.2d at 512 (quoting <u>United States v. Mendenhall</u>, 446 U.S. 544, 554-55, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)).

[10] <u>O'Neill</u>, 148 Wn.2d at 577-78 (quoting <u>Cormier</u>, 100 Wn. App. at 460-61).

[11] <u>See</u> <u>Mote</u>, 129 Wn. App. at 282.

[12] CP at 65 (conclusions of law 1, 2).

Because the officers did not have reasonable suspicion to seize him before seeing the foil, Arnone argues, his seizure was unlawful and all evidence found afterwards should have been suppressed. Thus, the question is whether Arnone was objectively seized when the officers approached and flanked his truck, before they spotted the foil and knocked on his window.

Here, the record shows Arnone was not seized until Officer Albright ordered him out of his truck. Arnone was in the parking lot of a large store during business hours with overhead lighting illuminating the interior of his truck. In those circumstances, he is legally indistinguishable from a pedestrian in the same parking lot.[13] The officers' weapons were not drawn, their patrol vehicle was parked several car lengths away, the vehicle's lights and siren were off, and the only testimony about the officers' demeanor shows they were calm. Merely approaching Arnone to talk with him about his reason for sitting outside a Fred Meyer at night did not amount to a seizure. Although Arnone emphasizes the presence of two officers to argue a seizure occurred, a more germane question is whether the officers' arrival at the truck was coercive.[14] The evidence here shows no objective display of coercive authority until after Officer Sinex spotted the foil with heroin residue.

---

[13] O'Neill, 148 Wn.2d at 579 (citing State v. Knox, 86 Wn. App. 831, 832, 939 P.2d 710 (1997)).

[14] See Young, 135 Wn.2d at 512 ("[C]ircumstances that may indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen . . . .") (emphasis added) (quoting Mendenhall, 446 U.S. at 554-55).

Arnone relies on State v. Johnson, where two officers suspected drug use by the occupants of a parked car and approached by closely flanking it on both sides, blocking any opportunity for the driver to leave the car.[15]  The officers then detained the driver by asking investigative questions and taking his identification card, although they did not see any drug paraphernalia before doing so.[16]  The court held the officers unlawfully seized the driver.[17]  Unlike Johnson, Officer Sinex looked through the passenger window and saw drug paraphernalia, which is why they detained Arnone by ordering him out of his truck.  The officers approached Arnone only to speak with him and, before detaining him, did not block his opportunity to leave his truck or do anything else to coerce his cooperation.  Their mere arrival at his truck was not a seizure.

Therefore, we affirm.

_____

WE CONCUR:

_____          _____

---

[15] 8 Wn. App. 2d at 733, 742.

[16] Id. at 733.

[17] Id. at 744-45.